

**Tillman Breckenridge**
PARTNER

**STRIS & MAHER LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
stris.com

tbreckenridge@stris.com
202.800.6030

August 20, 2025

**VIA ECF**
Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    Re:    *Kisil v. Illuminate Educ., Inc.*, No. 23-4114

Dear Ms. Dwyer:

In response to Illuminate's 28(j) letter, Plaintiffs note that the Fourth Circuit's decision in *American Federation of Teachers v. Bessent*, No. 25-1282, 2025 WL 2313244 (4th Cir. Aug. 12, 2025), only reinforces the district court's error here. The Fourth Circuit noted that the plaintiffs there seemed to lack standing because federal agencies only engaged in a "generalized grant of database access to an additional handful of government employees." *Id.* at 13. There was no "targeted snooping." *Id.* The purported harm of disclosure *within an agency* is not analogous to the harm involved in intrusion upon seclusion, because the latter is "the feeling of unease when and where one ideally should be at peace." That feeling of unease is reasonable for both a child and her parents when malicious actors break into a database to steal a child's most sensitive and private information, like grades, disciplinary history, disability

Page 2

status, and economic status. So the *harm* here is analogous to the *harm* involved in intrusion upon seclusion.

To the extent Illuminate attempts to use *Bessent* to suggest that intrusion upon seclusion is irrelevant to digital spaces, that would conflict with this Court's recognition of the right under California common law in *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020), cited in the Opening Brief at 25.

In any event, intrusion upon seclusion was just one of the common law harms Plaintiffs raised. The harm here is analogous to additional common law claims, such as invasion of privacy and breach of confidence. Opening Br. at 24.

Of further note, the Fourth Circuit warned that "[a] plaintiff's theory of statutory liability and their standing should not be conflated." *Id.* at 16. It is irrelevant whether Illuminate was the malicious actor or negligently allowed the malicious actor in—the harm is the same. A negligent fence builder cannot claim a homeowner is not injured by someone's trespass just because the fence builder did not commit the trespass. Illuminate agreed to build a fence and erected it with extreme neglect. It cannot now hide behind the injury-in-fact requirement.

                                              Respectfully submitted,

                                              <u>s/ Tillman J. Breckenridge</u>
                                              Tillman J. Breckenridge

                                              *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) and Ninth Circuit local rules because the body contains 348 words.

s/ Tillman J. Breckenridge
Tillman J. Breckenridge
